# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CLIFFORD HACKETT, | CIVIL CASE NO. 23-00004 |
| Plaintiff, | |
| vs. | **ORDER** |
| GUAM AGENCY IN VIDEO 2, | |
| Defendant. | |

    This matter is before the court on Plaintiff Clifford Hackett's "2 Motions" requesting, in part, a waiver of the filing fees. *See* Compl. at 1, ECF No. 1.

## I. *In Forma Pauperis* Application

    Plaintiff is proceeding in this action *pro se*, without an attorney. Among other things, he has requested to proceed *in forma pauperis*, meaning without paying the required filing fee. Section 1915(a)(1) permits a court to authorize a person to commence a civil action without prepaying the required filing fee if said person "submits an affidavit [stating] that the person is unable to pay such fees[.]" 28 U.S.C. § 1915(a)(1).[1]

---

[1] Under this statute, federal courts can authorize the filing of a lawsuit without prepayment of fees or security by a person who submits an affidavit that includes a statement setting forth all the person's assets and demonstrate an inability to pay such costs or give such security.

Here, because Plaintiff is proceeding *pro se*, the court will construe Plaintiff's "2 Motions," *see* ECF No. 1, as the "affidavit" required under Section 1915(a)(1). Based on said motion, Plaintiff claims to not have an income other than his social security or his "SSA" which is "barely meeting living costs." *Id.* Plaintiff did not indicate the amount he is receiving from Social Security nor the amount of his monthly expenses. Nonetheless, assuming he has demonstrated that he does not have the resources to pay the filing fees, this does not end the court's inquiry. The court must still subject Plaintiff's Complaint to a mandatory screening before allowing the case to move forward and issue summons, requiring an answer or responsive pleading. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*).

## II. Screening Complaint

Pursuant to 28 U.S.C. § 1915(e), the court is required to review the complaint and dismiss the case if the court determines that the action is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez*, 203 F.3d at 1126-27 (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim). "A complaint is frivolous within the meaning of § 1915(d) if it lacks an arguable basis either in law or in fact." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citing *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)).

When screening a complaint, the court is mindful that allegations of a *pro se* complaint are held to less stringent standards than the pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is

required after *Ashcroft v. Iqbal*, 556 U.S. 662 (2007)). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

A complaint must meet the requirements of Federal Rule of Civil Procedure 8, which mandates that a complaint include the following:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Here, the Complaint appears to assert a claim for relief for alleged violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. To satisfy the Constitution's Article III standing requirements, a plaintiff seeking injunctive relief to remove architectural barriers in an action alleging ADA violations "requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than rights of third parties." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 949 (9th Cir. 2011). "[A]n ADA plaintiff can show a likelihood of future injury when he intends to return to a noncompliant accommodation and is therefore likely to reencounter a discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient injury to pursue injunctive relief when discriminatory architectural barriers deter him from returning to a noncompliant accommodation." *Id.* at 950. According to the Ninth Circuit:

> An ADA plaintiff must show at each stage of the proceedings either

> that he is deterred from returning to the facility or that he intends to return to the facility and is therefore likely to suffer repeated injury. He lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disabilities.

*Id.* at 953. The party invoking federal jurisdiction bears the burden of satisfying each of Article III's standing requirements. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

In this case, the court finds a number of deficiencies with Plaintiff's Complaint. First, the Complaint lacks factual allegations to establish that the Plaintiff has standing to bring a claim under the ADA. In order for a plaintiff to establish standing in the context of an ADA claim, he must allege that he "personally suffered discrimination as defined by the ADA as to encountered barriers on account of his disability." *Id.* The Complaint fails to identify the specific barriers at the business, nor does the Complaint indicate how his disability was affected by said barriers so as to deny him full and equal access. The Complaint merely asserts that Defendant "blocks disabled" and "[b]y failing to remove barriers[, D]efendant violates the ADA." Compl. at ¶¶ 3 and 9, ECF No. 1. The Complaint fails to allege what the specific architectural barriers are and fails to connect the alleged barriers to his disability. Further, the Complaint does not contain any factual allegations describing how the barriers precluded or deterred Plaintiff from accessing Defendant's business. The Complaint does not assert that the alleged barriers deterred Plaintiff from visiting or patronizing the business due to his disability. Plaintiff does not allege any past patronage of Defendant's business, specific instances of deterrence, and that he would patronize the business but for the barriers. Although the court must liberally construe the pleadings of a pro se litigant, "a pro se litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Neuropathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000). A complaint "must contain sufficient allegations of underlying facts to give fair notice and to

enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Second, the Complaint fails to allege that Plaintiff is a person with a disability. The Complaint is only half a page in length, and none of the nine numbered paragraphs alleges that Plaintiff has a disability. *See* Compl., ECF No. 1. As noted above, Rule 8(a) requires that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must state the elements of the claim, and here, Plaintiff's Complaint fails to state an important element of his ADA—that he is a person with disability.

Third, the Complaint fails to name a specific Defendant. The Complaint only states Defendant as a "Guam agency in video 2." *See* Compl., ECF No. 1.

Because the allegations in Plaintiff's Complaint are insufficient to satisfy his burden to establish standing under the Ninth Circuit's standard set forth in *Chapman* and fails to meet the pleading requirements of Rule 8(a), the court hereby DISMISSES the Complaint without prejudice.

**III. Leave to Amend**

When dismissing a complaint, a court should grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1127. Plaintiff may be able to overcome the identified standing defects by amending his Complaint. Because Plaintiff is a *pro se* litigant, he is "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*). Plaintiff is directed to add more specific allegations that explain that he is a person with a disability, what barriers did he encounter at Defendant's business, when and how Plaintiff personally encountered the alleged barriers, and how he was affected or deterred by barriers on account of his specific disability. Plaintiff is also

directed to disclose the name of the specific "Guam agency" that he is suing.

### IV. Request for "Efiling"

Plaintiff requests that he be allowed to do an "Efiling", stating that a certain g-mail address "is already registered with the ninth judicial district and receives all the automated emails from the Hawaii district court clerk[.]" Compl. at 1, ECF No. 1. Plaintiff has not provided a justification for him to e-file. As such, Plaintiff's request is denied. He may amend his request to explain why he should be allowed to submit his pleadings by electronic mail or e-mail, or by e-filing via PACER.

### V. Conclusion

Under the Ninth Circuit's standard set forth in *Chapman*, the allegations in Plaintiff's Complaint are insufficient to satisfy his burden to establish standing. The Complaint itself also does not meet the pleading requirements of Federal Rule of Civil Procedure 8. Accordingly, Plaintiff's Complaint is dismissed with leave to amend. Plaintiff must file an amended complaint no later than May 15, 2023. Failure to file an amended complaint shall result in automatic dismissal of the case.

At this time, Plaintiff's application to waive filing fees and his request to file by "efiling" are denied without prejudice.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
   **Chief Judge**
**Dated: Apr 13, 2023**